

Case 08-23603   Filed 06/24/09   Doc 191

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

FILED

JUN 24 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 08-23603-D-7 |
| GUY TYRONE LYNN and JAMIE ARCHER LYNN, | Docket Control No. JRR-6 |
| Debtors. | Date: June 17, 2009<br>Time: 10:00 a.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM DECISION

On April 29, 2009, John R. Roberts, chapter 7 trustee in this case, filed a Trustee's Objection to Property Claimed as Exempt ("the Objection"). For the reasons set forth below, the court will sustain the Objection in part and overrule it in part.

### I. INTRODUCTION

Debtors Guy Tyrone Lynn and Jamie Archer Lynn (the "debtors") commenced this case under chapter 13 of the United States Bankruptcy Code on March 25, 2008. The case was converted to chapter 7 by order dated January 8, 2009, on the motion of creditor Viola Archer. On April 3, 2009, the debtors filed an amended schedule of exemptions, and on April 29, 2009, the trustee filed the Objection, together with a request for judicial notice and an exhibit. On June 3, 2009, the debtors filed opposition to the Objection, together with their declaration and exhibits. The court took the matter as submitted at a hearing held June 17, 2009.

## II. ANALYSIS

This court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Objection is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The objecting party, in this case the trustee, bears the burden of proving that a claimed exemption is improper. Fed. R. Bankr. P. 4003(c). Because a claimed exemption is presumptively valid, the objecting party must produce evidence to rebut the presumptively valid exemption, whereupon the burden of production shifts to the debtor to demonstrate that the exemption is proper. The burden of persuasion remains with the objecting party. In re Carter, 182 F.3d. 1027, 1029-30 n.3 (9th Cir. 1999). Exemptions are to be liberally construed in favor of debtors. In re Lucas, 77 B.R. 242, 245 (9th Cir. BAP 1987).

The court will take the trustee's objections in order.

### A. Household Goods and Furnishings

First, the trustee objects to the debtors' claim of exemption of $9,000 in "crafts," on the ground that these items do not qualify as normal household goods and personal effects. The debtors respond that these items are separate and apart from the assets of their business, Wild Things Beads, and are ordinarily and reasonably necessary for their station in life and manner of living as artists and craftsmen.

The statute under which the debtors claim these items as exempt permits the exemption of "household furnishings, appliances, provisions, wearing apparel and other personal effects," to the extent they are "ordinarily and reasonably necessary to, and personally used or procured for use by," the

debtors and their family at their principal place of residence. Cal. Civ. Proc. Code § 704.020(a).[1]  In assessing whether a particular item meets this definition, the court is to consider "(1) [t]he extent to which the particular type of item is ordinarily found in a household," and "(2) [w]hether the particular item has extraordinary value as compared to the value of items of the same type found in other households." § 704.020(b).

The Ninth Circuit Bankruptcy Appellate Panel in <u>In re Lucas</u>, 77 B.R. 242, 245, 246 (9th Cir. BAP 1987), held that the exercise bike, camera equipment, golf clubs, and Hummel figurines at issue in that case were household goods subject to exemption, relying on the proposition that the court is to consider "'the station in life of the owner and the manner of comfortable living to which he has become accustomed.'"  77 B.R. at 245, citing <u>Independence Bank v. Heller</u>, 275 Cal. App. 2d 84, 87 (1969).

Viewed in this light, the court finds the craft items to be household goods, despite the fact that their value appears high.[2] The debtors have provided a detailed list of the items included and have testified that these items "were maintained by [them] separately from [their] business assets," and "are not and have not been for sale as part of [their] business."  Balancing this testimony against the trustee's rather summary objection, the

---

1. Unless otherwise indicated, all further code and section references will be to the California Code of Civil Procedure.

2. The value of the craft items is listed at $9,000, approximately 62% of the total value of the debtors' household goods and furnishings.  On the other hand, the inventory of the debtors' business is listed at $100,053.

account all resources likely to be available for such support when the debtor retires.

The debtors have claimed as exempt a total of $75,318.43 in three different IRAs.[4]  The trustee objects on the grounds that it is unclear whether the debtors are attempting to exempt two IRAs and that subsections (a)(1) and (a)(2) do not cover IRAs.[5]  However, the debtors have also claimed the IRAs as exempt under subsection (a)(3), which clearly covers IRAs.  Further, nothing in the statute limits a debtor to a single IRA or joint debtors to two.  These two grounds are thus without merit.

The trustee also objects on the ground that the debtors have not provided evidence that the amount claimed will be necessary for their support when they retire.  In making this assessment, the court is to consider

> the debtor's present and anticipated living expenses and income; the age and health of the debtor and his or her dependents; the debtor's ability to work and earn a living; the debtor's training, job skills and education; the debtor's other assets and their liquidity; the debtor's ability to save for retirement; and any special needs of the debtor and his or her dependents.

Gonzalez v. Davis (In re Davis), 323 B.R. 732, 735-36 (9th Cir.

---

4.  The debtors list the "current value" of these assets at $75,318.43, but the "value of the claimed exemption" twice, at $100,000 each.  Since the "value of the claimed exemption," whether $100,000 or $200,000, exceeds the actual value of the assets, any ruling on the exemption at either of those figures would amount to a hypothetical ruling.  Thus, the trustee's objection is sustained as to any amount over $75,318.43, without prejudice to the debtors' right to amend their claim of exemptions in the event the actual values of the IRAs exceed that amount.

5.  The trustee does not dispute that the accounts in question are IRAs.

BAP 2005), quoting In re Moffat, 119 B.R. 201, 206 (9th Cir. BAP 1990).

The debtors have testified as follows:

> These retirement accounts are necessary for our retirement, especially with the loss of our business in this Chapter 7 case.  At the present time these IRAs are our only source of retirement income.  We are now attempting to rebuild a new business, however without significant capital and the current economy, the building of this business is slow and we are not earning sufficient income to increase our retirement accounts.  We do anticipate retiring in the near future, however at the present time we do not have sufficient retirement savings to do so.  Presently Guy Lynn is 49 years old and Jamie Lynn is 52 years old.

Declaration of Guy Lynn and Jamie Lynn, filed June 3, 2009, DN 184, 4:1-10.  The trustee has offered no reply to this evidence; thus, the court has no reason to doubt its reliability.

Based on the debtors' testimony, and given their ages and the fact that they are and for some years have been self-employed in the business of making and selling crafts, the court concludes that the $75,318.43 will be necessary for their support when they retire, whether that occurs in the near future or in another 10 or 15 years' time.

Further, the debtors' business obviously caters to persons with discretionary income, and thus, is not likely to prosper in the present economy.  There is no evidence the debtors have any other education, training, or marketable skills, or of other significant exempt assets.  Thus, the court concludes that the IRAs will be necessary for the debtors' support upon retirement.

/ / /

/ / /

/ / /

**D. 2006 Ford Expedition**

The trustee objects to the debtors' exemption of $2,550 in equity in this vehicle, under § 704.010, contending the maximum exemption amount is $2,300. In accordance with § 703.150(b), the amount of the allowable exemption is adjusted every three years. As of April 1, 2007, the allowable amount is $2,550;[6] thus, this objection will be overruled.

**E. Wells Fargo Trailer**

The trustee objects to the debtors' exemption of this item, valued at $800, under § 704.020, on the ground it is not a household item or personal effect subject to exemption. The trailer is on a list of items the debtors testify were purchased for use by their family. They state that each item is an ordinary item reasonably necessary for their family. While this is vague, in the absence of any response by the trustee, and given the liberality with which exemptions are to be construed, the court will allow the exemption.

**F. Personal property held by Vi Fuchser Archer**

The trustee objects to the debtors' exemption, under § 704.020, of an antique stove, aquarium, bubble-making machine, and stained glass currently being held by debtor Jamie Lynn's mother, Vi Fuchser Archer. The debtors value these items at a total of $21,000; the trustee objects that these items do not qualify as household items or personal effects subject to exemption.

/ / /

---

6. www.courtinfo.ca.gov/forms/documents/exemptions.pdf.

The debtors have not broken down the total value in this proceeding, but a breakdown was provided in connection with an earlier motion:[7]

```
Antique stove          $ 8,000
Old glass              $12,000
Bubble machine         $    80
Aquarium & black light $   120
```

Based on these values, and the debtors' testimony,[8] the court finds the bubble machine, aquarium, and black light to be household goods, within the meaning of § 704.020. Given the debtors' background as artists and craftsmen, and their testimony that these items were purchased for personal use, not for resale, the court finds the stained glass also qualifies. The court is troubled by the unusual value of the antique stove, particularly when compared with the remainder of the debtors' household goods, valued at a total of $14,515. However, in the absence of a response by the trustee, the court will credit the debtors' testimony as reliable, and will allow the exemption.

### G. Inventory of Wild Things Beads

The trustee objects to the debtors' exemption of the inventory of their business, Wild Things Beads, under § 704.060, at $6,750 for the debtor and $6,750 for the joint debtor, on the ground that the list referred to was not attached, and thus, that it is unclear what assets the debtors sought to exempt. The

---

7. Exhibit C of Exhibits B-J in Support of Debtors' Response to Objections to Confirmation, filed June 4, 2008, DN 44.

8. In their declaration in opposition to the Objection, the debtors testified to the dates they acquired these items and the uses to which they have been put. See Declaration of Guy Lynn and Jamie Lynn, filed June 3, 2009, DN 184, ¶ 4.

- 8 -

debtors respond that the trustee is in possession of all of the inventory, that they have provided him with inventory lists, and that they are not claiming any particular item as exempt, but rather a total value of $6,750 for each debtor.

The trustee and creditors had only 30 days from, in this case, the filing date of the amended C-schedule in which to object to the debtors' claim of exemptions. Fed. R. Bankr. P. 4003(b). Any objection after that date would be too late, "whether or not [the debtors] had a colorable statutory basis for claiming [the exemptions]." Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44 (1992).

The rule applies, however, only where the schedule of exemptions is "sufficient to notify the creditors and the trustee exactly what property the debtor is claiming as exempt." Preblich v. Battley, 181 F.3d 1048, 1052 (9th Cir. 1999). In this case, the absence of the "attached list" apparently created uncertainty for the trustee, but also for creditors.

In that the trustee did not reply to the debtors' contention that they have provided him with the lists, and did not request additional time to review those lists and to supplement his objection, the court will assume he is satisfied with the record as it now stands. In the absence of any further objection to the claimed exemption, the objection will be overruled. The court is not called upon to rule on the sufficiency of this claim of exemption as regards creditors.

/ / /
/ / /
/ / /

### III. Conclusion

As to the debtors' claim of exemption of their IRAs, the Objection will be sustained as to any amount over $75,318.43. In all other respects, the Objection will be overruled. The court will issue an appropriate order.

Dated: June 24, 2009

_____
ROBERT S. BARDWIL
United States Bankruptcy Judge

## Certificate of Service

I certify that on June 24, 2009 a copy of the **foregoing document** was mailed to the following:

<u>Debtor's Attorney</u>

Mark Wolff
8861 Williamson Dr., #30
Elk Grove, CA 95624-7920

<u>Debtor</u>

Guy and Jamie Lynn
P.O. Box 1990
Penn Valley, CA 95946

<u>US Trustee</u>

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

<u>Chapter 7 Trustee</u>

John Roberts
P.O. Box 1506
Placerville, CA 95667

By: _/s/ Andrea Lovgren_
    Andrea Lövgren