

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

```
┌─────────────────────────────┐
│            FILED            │
│                             │
│         SEP 2 1 2009        │
│                             │
├─────────────────────────────┤
│ UNITED STATES BANKRUPTCY COURT │
│  EASTERN DISTRICT OF CALIFORNIA │
└─────────────────────────────┘
```

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re )   Case No. 08-23603-D-7
)
) Docket Control No. WW-5
GUY TYRONE LYNN and JAMIE )
ARCHER LYNN, )
)
          Debtors.  ) DATE:     September 2, 2009
) TIME:     10:00 a.m.
_____ ) DEPT:     D (Courtroom 34)

## MEMORANDUM DECISION ON MOTION FOR
## COMPENSATION AND REIMBURSEMENT OF EXPENSES

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

On July 24, 2009 Wolff & Wolff ("Counsel") filed its First and Final Application for Attorneys Fees for Representation of Debtors in Connection with Chapter 13 (the "Application"). Viola Haviland ("Haviland"), a creditor herein, and the United States Trustee ("UST") each filed opposition to the Application. The matter came on for hearing on the date and at the time indicated above. After oral argument the matter was taken as submitted. For the reasons set forth below, the Application will be granted in part and denied in part.

## I.  BACKGROUND

On March 25, 2008 Guy Lynn and Jamie Lynn (the "debtors") filed a petition for relief under Chapter 13 of the Bankruptcy

/ / /

Code ("Code")[1].  On that date the debtors also filed their

schedules, statement of financial affairs and a Chapter 13 Plan

(the "Plan").  Counsel has continuously represented the debtors

in this case.

On May 6, 2008 Haviland filed an objection to the Plan (the

"Objection").  The Objection is based, in part, on Haviland's

assertion that the debtors' debt exceeded the Chapter 13 debt

limit, that the Plan did not properly identify her claim, that

the Plan was not the debtors' best effort, that the Plan was not

feasible, and that the Plan did not satisfy the best interest of

the creditors' test.  At a hearing on June 17, 2008 the court

sustained the Objection, and stated its findings of facts and

conclusions of law orally on the record.  In its finding the

court stated the reasons the Plan was not confirmable.

As a result of the debtors' failure to timely file a new

plan, on July 28, 2008 the Chapter 13 trustee filed a motion to

dismiss the debtors' case.  After hearing on the motion to

dismiss, the court issued a conditional order requiring the

debtors to file an amended plan no later than September 9, 2008,

or their case would be dismissed (the "Conditional Dismissal

Order").

The debtors filed an amended plan on September 9, 2008 (the

"Amended Plan"), the last day allowed by the Conditional

---

1.  Unless otherwise indicated, all Code, chapter, section
and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-
1330, and to the Federal Rules of Bankruptcy Procedure, Rules
1001-9036, as enacted and promulgated prior to the effective date
(October 17, 2005) of the Bankruptcy Abuse Prevention and
Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23
(2005).

Dismissal Order.   The Amended Plan was virtually identical to the Plan.   Thus, the Amended Plan contained all of the same impediments to confirmation that were contained in the Plan.

Predictably, on December 5, 2008 Haviland filed an objection to the Amended Plan.   Haviland also requested the debtors' case be converted to a Chapter 7.   Haviland's objection to the Amended Plan, and her request to convert the case to Chapter 7, came on for hearing on January 6, 2009.

At the January 6, 2009 hearing, the court sustain Haviland's objection to confirmation of the Amended Plan.   The court further found that the debtors had engaged in unreasonable delay that was prejudicial to creditors, and ordered the case be converted to Chapter 7.   The court stated its findings of facts and conclusions of law orally on the record.   At the conclusion of this hearing, and after the court had made its ruling, Counsel made an oral motion that the debtors' case be dismissed.   Based on the court's prior ruling converting the case to Chapter 7, the court denied Counsel's oral motion to dismiss the case.

Notwithstanding the denial of the debtors' oral motion to dismiss the case, immediately following the January 6, 2009 hearing Counsel filed a motion to dismiss the debtors' case.   The motion did not disclose any of the above procedural history.

On January 7, 2009, before the court entered its minute order converting the debtors' case to Chapter 7, the court inadvertently entered an order dismissing the debtors' case.   On January 12, 2009 the court vacated the order of dismissal and entered an order converting the debtors' case to Chapter 7.

/ / /

1   Through the Application, Counsel seeks approval of $16,936

2   in fees and $22.51 in expenses for services rendered in the

3   debtors' Chapter 13 case for the period of January 25, 2008

4   through January 8, 2009.

5                    **II.   LAW AND ANALYSIS**

6        Pursuant to section 330(a)(4)(B) of the Code, the court may

7   award compensation to a debtor's attorney in a Chapter 13 case

8   upon a showing that the services were necessary and benefitted

9   the debtor.   In allowing compensation to debtor's attorney in a

10  Chapter 13 case, the court is to consider all the other factors

11  enumerated in section 330 of the Code.

12       Section 330 of the Code sets out the standard by which the

13  court should determine the reasonableness of fees under Section

14  329, and reasonableness is determined by looking at the nature,

15  extent and value of the services rendered.   See In re Eliapo 298

16  B.R. 392, 401 (9th Cir. BAP 2003).

17       It is the applicant's burden to establish the value of the

18  services rendered.   See In re Gianulias, 111 B.R. 867, 869 (E.D.

19  CA 1989).   The initial burden under § 329(b) is on the attorney

20  to justify the compensation charged in connection with a

21  bankruptcy case.   In re Jastream, 253 F.3d 438, 443 (9th Cir.

22  2001); In re Basham, 208 B.R. 926, 931 (9th Cir. 1997).

23       The court notes that under the Guidelines for Payment of

24  Attorneys Fees in Chapter 13 Cases Applicable in the Eastern

25  District of California (the "Fee Guidelines"), the allowed "opt-

26  in" fee for a Chapter 13 case is $3,500 and $5,000 for a business

27  case.   Attorneys can "opt-out" of the Fee Guidelines; however,

28  there is a general presumption that the amount of attorneys fees

                              - 4 -

allowed in the Fee Guidelines for those who "opt-in," is
sufficient to cover the basic attorney services necessary in a
Chapter 13 case. See Fee Guidelines, para. 2 and 4.

The court recognizes that when an attorney "opts-out" of the
Fee Guidelines, the Fee Guidelines are only one factor to
consider in assessing the reasonableness of an attorney's fees in
a Chapter 13 case.  Further, the court is prepared to compensate
an attorney on an hourly rate when the attorney has made a proper
showing under Section 330 of the Code.  However, if an attorney
"opts-out" and seeks hourly fees, the fees must not only be
reasonable, but the services rendered must be necessary and have
provided benefit to the debtor.

Turning now to the Application.  As Counsel has "opted-out"
of the Fee Guidelines, the court will consider the fees sought
under section 330 of the Code.  Certain actions taken by Counsel
in this case support the conclusion that the case was
administered in a fashion to maximize delay to creditors.
Specifically, the court finds troubling that after the Plan was
denied confirmation, Counsel waited to the last day allowed by
the Conditional Dismissal Order before filing a new plan that was
virtually identical to the Plan.  The debtors' filing of the
Amended Plan, which suffered from the same defects as the Plan,
and then proceeding to confirmation,  appears to be nothing more
than a delay tactic.  Another troubling aspect of the services
rendered by Counsel was the filing of the motion to dismiss the
debtors' case immediately following the January 6, 2009 hearing.
This was done after the court ordered the case converted to
/ / /

Chapter 7, and after the court had denied Counsel's oral motion to dismiss the case.

The debtors' Chapter 13 case was pending for some ten months with little, if any, progress being made toward confirmation of a plan.  The administration of the case suggests intentional delay, and a lack of good faith.  These issues were squarely put in play in the objections to the Application, yet Counsel failed to address these issues by way of a reply, or otherwise.  It is Counsel's burden to demonstrate the reasonableness of the fees sought, as well as the necessity of the services and the value to the debtors of the services rendered.  In this case Counsel has failed to show that services rendered were reasonable, or that Counsel's services were necessary or that they provided benefit to the debtors.

Considering the totality of the circumstances, the court will allow fees of $6,000 for the period of March 25, 2008 through January 7, 2009.  As this amount is 20% more than the "opt-in" fee for a standard business case, this award is generous.  In addition, the court will allow costs of $22.51 for a total award of $6,022.51.

Counsel is authorized to pay the court allowed fees and costs of $6,022.51 from its pre-petition retainer.  The balance of the retainer shall be paid to the Chapter 7 trustee within 15 days of entry of order.

A separate order will be entered consistent with this memorandum decision.

Dated:    SEP 21 2009

Robert S. Bardwil
United States Bankruptcy Judge

- 6 -

## Certificate of Service

I certify that on September 21, 2009 a copy of the **foregoing document** was mailed to the following:

Debtor's Attorney

Mark Wolff
8861 Williamson Dr., #30
Elk Grove, CA 95624-7920

Debtor

Guy and Jamie Lynn
P.O. Box 1990
Penn Valley, CA 95946

US Trustee

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Chapter 7 Trustee

John Roberts
P.O. Box 1506
Placerville, CA 95667

By: _____
        Andrea Loygren